RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0118p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

BRETTON WESTMORELAND,

*Plaintiff-Appellant*,

*v.*

BUTLER COUNTY, KENTUCKY; ROCKY W. TYREE,
individually,

*Defendants-Appellees*.

No. 21-5168

─────────────────

On Petition for Rehearing En Banc.
United States District Court for the Western District of Kentucky at Bowling Green.
No. 1:19-cv-00073—Gregory N. Stivers, District Judge.

Decided and Filed:  June 2, 2022

Before: CLAY, GIBBONS, and BUSH, Circuit Judges.

─────────────────

**COUNSEL**

**ON PETITION FOR REHEARING EN BANC:**  Charles E. English, Jr., John A. Sowell,
ENGLISH, LUCAS, PRIEST & OWSLEY, LLP, Bowling Green, Kentucky, for Appellees.
**ON RESPONSE:**  Gregory A. Belzley, BELZLEY, BATHURST & BENTLEY, Prospect,
Kentucky, for Appellant.

The court issued an order denying the petition for rehearing en banc.  BUSH, J. (pp. 3–5),
delivered a separate opinion dissenting from the denial of the petition for rehearing en banc.

_____

**ORDER**

_____

The court received a petition for rehearing en banc.  The original panel has reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision.  The petition then was circulated to the full court. Less than a majority of the judges voted in favor of rehearing en banc.

Therefore, the petition is denied.

---

**DISSENT**

---

JOHN K. BUSH, Circuit Judge, dissenting from the denial of rehearing en banc. For many years, our circuit has applied the deliberate-indifference standard as set forth in *Farmer v. Brennan*, 511 U.S. 825 (1994), to evaluate pretrial detainees' claims under the Fourteenth Amendment. *See*, *e.g.*, *Beck v. Hamblen County*, 969 F.3d 592, 600–01 (6th Cir. 2020); *Richko v. Wayne County*, 819 F.3d 907, 915 (6th Cir. 2016). Last year, however, a split panel in *Brawner v. Scott County*, 14 F.4th 585 (6th Cir. 2021), determined that the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), permitted deviation from our circuit precedent and thus an abandonment of the *Farmer* deliberate-indifference standard in the medical-needs context. *See Brawner v. Scott County*, 18 F.4th 551, 551–57 (6th Cir. 2021) (Readler, J., dissenting from the denial of rehearing en banc). Since then, our circuit has struggled with how to apply the *Brawner* test in medical-needs cases. *See, e.g.*, *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022); *Smith v. Boyd Cnty. Fiscal Ct.*, No. CV 20-14-HRW, 2022 WL 992768, at *7 (E.D. Ky. Mar. 31, 2022). Did *Brawner* obviate an inquiry into defendants' mental states? *See Britt v. Hamilton County*, No. 21-3424, 2022 WL 405847, at *6–7 (6th Cir. Feb. 10, 2022) (Clay, J., dissenting). Did it merely modify that inquiry? *See Greene v. Crawford County*, 22 F.4th 593, 606 (6th Cir. 2022). And in so doing, did *Brawner* leave a subjective inquiry in place? *See Trozzi v. Lake County*, 29 F.4th 745, 754–55 (6th Cir. 2022).

The panel majority's decision in this case represents only the latest example of the post-*Brawner* confusion. *See generally Westmoreland v. Butler County*, 29 F.4th 721 (6th Cir. 2022). Much as *Brawner* itself abrogated circuit precedent to reject the deliberate-indifference standard in the medical-needs context, so too the panel majority here abrogated circuit precedent to reject the standard in the failure-to-protect context. *See id.* at 729–30. And it did so with a novel and ambiguous test that may substantially expand officials' liability and render the law more difficult for them to discern. The jail administration problem is exacerbated because many pretrial detainees and post-conviction prisoners are housed in the same facilities. *See*, *e.g.*, Dep't of Justice, Bureau of Justice Statistics, T. Minton & Z. Zeng, Jail Inmates in 2020 – Statistical Tables (2021). I query the workability of a standard that changes an official's liability for the

same action for two individuals with differing trial statuses housed in the same facility.  And I fear that our current trajectory will soon undermine the Eighth Amendment.

Moreover, the panel majority never defined its vague requirement of an "intentional" (but not deliberately indifferent) decision by the defendant regarding the "conditions" under which a plaintiff was confined, *see Westmoreland*, 29 F.4th at 738–40 (Bush, J., dissenting), whether liability may flow from merely but-for causation or, if proximate causation is required, whether the liability extends to multiple officials, *see id.* at 740–41 (Bush, J., dissenting), or how this new test differs from a de facto (and impermissible) negligence standard under the color of "civil recklessness," *see id.* at 740 (Bush, J., dissenting); *see also Kingsley*, 576 U.S. at 396 ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998))).  The panel majority compounded this confusion by "holding" that a plaintiff must show that "a defendant officer [ ] act[ed] intentionally in a manner that puts the plaintiff at substantial risk of harm, without taking reasonable steps to abate that risk, and by failing to do so actually cause[d] the plaintiff's injuries." *Id.* at 729.  Because the panel majority declined to clarify these ambiguous elements and statements, I fear that the *Westmoreland* test will add to the muddle that is our current Fourteenth Amendment deliberate-indifference jurisprudence.

The Supreme Court has not addressed the deliberate-indifference issue since its 2015 *Kingsley* decision, and it has declined petitions to do so.  *See, e.g.*, *Strain v. Regalado*, 977 F.3d 984 (10th Cir. 2020), *cert. denied*, 142 S. Ct. 312 (2021); *Castro v. County of L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 831 (2017).  This appears to be despite the development of a sizable circuit split on the question whether *Kingsley* abrogated the deliberate-indifference standard for pretrial detainees' claims.  *See*, *e.g.*, *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) ("The same objective analysis [from *Kingsley*] should apply to an officer's appreciation of the risks associated with an unlawful condition of confinement in a claim for deliberate indifference under the Fourteenth Amendment."); *Cope v. Cogdill*, 3 F.4th 198, 207 n.7 (5th Cir. 2021) ("Since *Kingsley* discussed a different type of constitutional claim[, excessive force], it did not abrogate our deliberate-indifference precedent."); *Kemp v. Fulton County*, 27 F.4th 491, 495 (7th Cir. 2022) ("Following *Kingsley* . . . a plaintiff such as Kemp challenging the conditions of his pretrial detention need show only that a defendant's

conduct was 'objectively unreasonable.'" (citation omitted)); *Whitney v. City of St. Louis*, 887 F.3d 857, 860 n.4 (8th Cir. 2018) ("*Kingsley* does not control because it was an excessive force case, not a deliberate indifference case[.]"); *Castro*, 833 F.3d at 1070 ("[W]e are persuaded that *Kingsley* applies, as well, to failure-to-protect claims brought by pretrial detainees against individual defendants under the Fourteenth Amendment."); *Strain*, 977 F.3d at 991 ("We decline to extend *Kingsley* to Fourteenth Amendment deliberate indifference claims[.]"); *Dang v. Sheriff, Seminole Cnty.*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017) (rejecting modification of the deliberate-indifference standard because "*Kingsley* involved an excessive force claim"). I thus share the hope of Judge Readler, *see Brawner v. Scott County*, 18 F.4th at 557 (Readler, J., dissenting from the denial of rehearing en banc), that the Court will soon step in to clarify the proper standard under the Fourteenth Amendment. And it indeed may be soon, as there are currently petitions for writs of certiorari pending before the Court in *Brawner* and *Cope*. *Brawner v. Scott County*, petition for cert. pending, No. 21-1210 (filed Mar. 4, 2022); *Cope v. Cogdill*, petition for cert. pending, No. 21-783 (filed Nov. 24, 2021).

Our circuit's decision to deny rehearing en banc in this case, like the similar decision made in *Brawner*, highlights the need for the Supreme Court to provide guidance. I respectfully dissent.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk